## GRAY *v.* DARLINGTON.

The advance in the value of personal property during a series of years does not constitute the gains, profits, or income of any one particular year of the series, although the entire amount of the advance be at one time turned into money by a sale of the property. Accordingly, when bonds of the United States were sold by the owner, after being held by him four years, at an advance of $20,000 over their cost to him, it was *held* that this amount was not taxable as "gains, profits, or income" of the owner for the year in which the sale was made, under the amendatory internal revenue act of March 2d, 1867.

ERROR to the Circuit Court for the Eastern District of Pennsylvania.

An act of Congress of March 2d, 1867,* provides that

"There shall be levied, collected, and paid *annually* upon the gains, profits, and income of every person, . . . whether derived from any kind of property, rents, interest, dividends, or salaries, or from any profession, trade, employment, or vocation, . . . or from any other source whatever, . . . a tax of five per centum on the amount so derived over $1000. . . . And the tax herein provided for shall be assessed, collected, and paid upon the gains, profits, and income *for the year ending the* 31st *of December next preceding* the time for levying, collecting, and paying said tax."

The same section also provides (with some exceptions not important to be mentioned), that

"In estimating the gains, profits, and income of any person, there shall be included all incomes derived from interest upon notes, bonds, and other securities of the United States, profits realized within the year from sales of real estate purchased within the year, or within two years previous to the year for which income is estimated, . . . and all other gains, profits, and income derived from any source whatever."

In this state of statutory law, W. Darlington brought the present action against W. C. Gray, collector of internal

---

* 14 Stat. at Large, 477–8.

revenue, to recover the sum of $1000, alleged to have been illegally assessed and collected under the said law as gains, profits, and income of him, the said Darlington, for the year 1869. It appeared from the allegations of the declaration, that in 1865 the plaintiff, being then the owner of certain United States treasury notes, exchanged them for United States five-twenty bonds; that in 1869 he sold these bonds at an advance of $20,000 over the cost of the treasury notes, and that upon this amount the assistant assessor of the United States for the collection district in Pennsylvania within which the plaintiff resided, assessed a tax of five per cent., alleging it to be gains, profits, and income of the plaintiff for that year; that on appeal to the assessor of the district, and to the Commissioner of Internal Revenue, this assessment was affirmed, and was transmitted to the defendant, as collector of the district, for enforcement; and that upon the latter's demand, with notice that, unless paid, he would collect the same with penalty and interest, the tax was paid by the plaintiff under protest.

To the declaration, setting forth substantially the facts above stated, the defendant demurred. The demurrer was overruled by the Circuit Court, and judgment given in favor of the plaintiff for the amount paid by him, with interest and costs. The defendant brought the case to this court on writ of error, and assigned as error the overruling of the demurrer.

*Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, for the plaintiff in error; Messrs. Blair, Dick, and Darlington, propriâ personâ, contra.*

Mr. Justice FIELD delivered the opinion of the court.

In 1865 the plaintiff, being the owner of certain United States treasury notes, exchanged them for United States five-twenty bonds. In 1869 he sold these bonds at an advance of twenty thousand dollars over the cost of the treasury notes, and upon this amount the assistant assessor of the United States for the collection district in Pennsylvania,

within which the plaintiff resided, assessed a tax of five per cent., alleging it to be gains, profits, and income of the plaintiff for that year. On appeal to the assessor of the district, and to the Commissioner of Internal Revenue, this assessment was affirmed, and it was transmitted to the defendant, as collector of the district, for enforcement. Upon the latter's demand the tax was paid by the plaintiff under protest, and the present action was brought to recover back the money.

The question presented is whether the advance in the value of the bonds, during this period of four years, over their cost, realized by their sale, was subject to taxation as gains, profits, or income of the plaintiff for the year in which the bonds were sold. The answer which should be given to this question does not, in our judgment, admit of any doubt. The advance in the value of property during a series of years can, in no just sense, be considered the gains, profits, or income of any one particular year of the series, although the entire amount of the advance be at one time turned into money by a sale of the property. The statute looks, with some exceptions, for subjects of taxation only to annual gains, profits, and income. Its general language is "that there shall be levied, collected, and paid *annually* upon the gains, profits, and income of every person," derived from certain specified sources, a tax of five per cent., and that this tax shall be "assessed, collected, and paid upon the gains, profits, and income for the year ending the 31st of December next preceding the time for levying, collecting, and paying said tax."* This language has only one meaning, and that is that the assessment, collection, and payment prescribed are to be made upon the annual products or income of one's property or labor, or such gains or profits as may be realized from a business transaction begun and completed during the preceding year. There are exceptions, as already intimated, to the general rule of assessment thus prescribed. One of these exceptions is expressed in the

---

* 14 Stat. at Large, 477–8, § 13.

statute, and relates to profits upon sales of real property, requiring, in the estimation of gains, the profits of such sales to be included where the property has been purchased, not only within the preceding year, but within the two previous years. Another exception is implied from the provision of the statute which requires all gains, profits, and income derived from any source whatever, in addition to the sources enumerated, to be included in the estimation of the assessor. The estimation must, therefore, necessarily embrace gains and profits from trade and commerce, and these, for their successful prosecution, often require property to be held over a year. In the estimation of gains of any one year the trader and merchant will, in consequence, often be compelled to include the amount received upon goods sold over their cost, which were purchased in a previous year. Indeed, in the estimation of the gains and profits of a trading or commercial business for any one year, the result of many transactions have generally to be taken into account which originated previously. Except, however, in these and similar cases, and in cases of sales of real property, the statute only applies to such gains, profits, and income as are strictly acquisitions made during the year preceding that in which the assessment is levied and collected.

The mere fact that property has advanced in value between the date of its acquisition and sale does not authorize the imposition of the tax on the amount of the advance. Mere advance in value in no sense constitutes the gains, profits, or income specified by the statute. It constitutes and can be treated merely as increase of capital.

The rule adopted by the officers of the revenue in the present case would justify them in treating as gains of one year the increase in the value of property extending through any number of years, through even the entire century. The actual advance in value of property over its cost may, in fact, reach its height years before its sale; the value of the property may, in truth, be less at the time of the sale than at any previous period in ten years, yet, if the amount re-

Statement of the case.

ceived exceed the actual cost of the property, the excess is to be treated, according to their views, as gains of the owner for the year in which the sale takes place. We are satisfied that no such result was intended by the statute.

JUDGMENT AFFIRMED.

Dissenting: The CHIEF JUSTICE, and Justices CLIFFORD and BRADLEY.

[NOTE.—In view of the divided state of the court in giving judgment in the above case, it may not be uninteresting to the reader to know that from a letter, entitled to credit, in the possession of the Reporter, it appears that the point decided in the case, had been ruled in the same way in the Third Circuit, by the late Mr. Justice GRIER, in the case of *Bennet* v. *Baker, Collector,* tried on the 7th of April, 1865; the late honored Justice having been, says the letter, " very clear and emphatic in his opinion."]