Speak, J.
The question is, does the petition state a case entitling the legatee to any relief? The action was brought by Warner C. Devenney, legatee,, under favor of section 6202, Revised Statutes, which authorizes an action of this character to be instituted by a legatee where the executor refuses to bring it, and the person so bringing such action may ask the direction of the court in the matter respecting the trust in the same manner and as fully as was formerly entertained in courts of chancery. As the *100 petition, seeks a construction of an item of a will, and as the relief asked is to be such as would have been, but • for the statute, properly demanded of a court of chancery, it is clear that the rule in reference to the construction of like instruments is to be such as prevailed under the former practice in courts of chancery bearing upon the construction of wills. That practice is well understood. It is indicated by so many decisions that a- citation of them would needlessly encumber the record. Briefly it is that the court’s duty is to ascertain the intent of the testator, and in doing so such intent will not be determined by a clause only, but must be gathered from a full and complete consideration of the entire will; in other words, as expressed, by many authors, the will is to be taken by the four corners and the intent of the testator as to any item ascertained by a consideration of the entire instrument. Tested by this rule it is manifest that when the pleader, as in this case, contents himself with setting out in his petition a clause only of the will, he has not made a case which requires or authorizes a court to afford him any relief whatever. The petition is, therefore, defective, and the demurrer, for this reason if for none other, should have been sustained.
But the plaintiff was and is content to assume that a consideration of the other portions of the will would not aid his contention, and rests his case upon the item quoted; and his argument justifies the court in acting upon that assumption. Therefore we proceed to consider whether or not the language of that item alone supports his claim. The words used by the testator do not seem to us to be ambiguous. He speaks of a definite sum, that is, one thousand dollars. Dollars mean money. The dollar is the *101 money unit of the United States. In the absence of qualifying words the term dollar cannot mean promissory notes, or bonds, or other evidences of debt. In other words, dollars are simply money. One thousand dollars means one thousand dollars in money. It is the interest on one thousand dollars which is to be paid to Warner during his life; it is the principal of the said one thousand dollars which is to be paid to the children of Warner at his decease, and in case he shall leave no children then to be paid (the one thousand dollars) to Samuel for his own use. But more than this. In case Warner shall secure to the executor the return to him, at the death of Warner, of the one thousand dollars, “then the said sum shall be delivered to” Warner. This constant repetition of the term one thousand dollars leaves it entirely clear that if anything other than money was intended by the testator to be the basis of his provision for his son Warner no such intent is to be gathered from this item of his will, and this is all we have before us. We do not expect to find two wills exactly alike, and so decisions upon the 'construction of wills are not usually instructive, yet it is believed that the above stated conclusions are supported by authorities cited by the learned counsel for plaintiff in error, and attention is here called to some of them. Brearley v. Lalor, 15 N. J. Eq., 108; In re Levy’s Estate, 161 Pa. St., 189; Mann v. Executors of Mann, 1 Johnson’s Chancery, 231; same case, 14 Johnson’s Chancery, 1; Bushnell v. Drinker, 5 Redfield, 581; Hall v. Cushing, 9 Pick., 395; Dorr v. Wainwright, 13 Pick., 328, 331; Gidding’s Exr. v. Seward, 16 N. Y., 365.
But if the. provisions of this item of the will were of doubtful meaning it would seem that the appli *102 cation of a generally accepted rule of law respecting accretions would relieve it of question. That rule is that, in the absence in the will of an expressed intent otherwise, the increase in the value of the corpus held by a trustee from natural causes is principal and not interest. As given approvingly in the opinion in Graham’s Estate, 198 Pa. St., 216, quoting from In re N. Y. L. I. & T. Co., 53 N. Y. Supp., 382: “The loss or gain in the value of securities purchased by the trustee in the exercise of his sound discretion should go to the diminution or accretion, as the case may be, of the capital and not to the income unless a contrary intention must be inferred from the trust instrument. ’ ’ The principal case above cited holds: “Where a trustee invests moneys of the trust estate in bonds and subsequently sells the bonds at an advance, and invests the proceeds in other securities, the profit on the bonds is part of the principal of the estate and should be so held by the trustee.” In Gray v. Darlington, 15 Wall., 63, in commenting upon the income tax law, it is held by Mr. Justice Field that: “Mere advance in value in no sense constitutes the gains, profits, or income specified by statute. It constitutes and can be treated merely as increase of capital.” Other authorities of like import are: Gerry, In re, 103 N. Y., 445; Van Blarcom v. Dager, 31 N. J. Eq., 783; Hubley, Estate of, 16 Phil., 327; Thompson’s Estate, 153 Pa. St., 332; Van Vleck v. Loundsbery, 34 Hun, 569; Matter of Lawrence, 26 N. Y. St., 238; Townsend v. U. S. Trust Co., 3 Redfield, 220; Matter of Vedder, 40 N. Y. St., 119; McLouth v. Hunt, 154 N. Y., 179; Hill on Trustees, 4th Am. ed., *386.
It is insisted, however, by the learned counsel for defendant in error that the question in the case is: *103 ■Who is entitled to the premium on the bonds, the trustee or the cestui que trust, and that the trustee is not entitled because of the rule that the trustee cannot, in the absence of power given in the trust instrument, profit in any manner by his investment of the trust fund; that is, he cannot make an incidental profit for himself by way of interest or premium, in the management of the trust property, nor in any manner acquire a pecuniary gain from his fiduciary position; and a list of authorities whose name is legion is given in support of the rule. No authority is needed to establish the rule as an abstract proposition. The difficulty with it, however, is that it has no application to the facts of this case. It isn’t a question between the cestui que trust and the trustee as such as to which shall have the premium on the bonds, but is á question, under the rule hereinbefore stated, wholly between the cestui que trust, as a life tenant, and the estate of the testator. If there be, by this will, a residuary legatee he takes it; if not it rests in the estate generally, and the fact that, by the terms of the will Samuel is to have the one thousand dollars in case Warner dies without children in no way affects the question, but the necessary result is quite the same as though the right to receive the one thousand dollars in the contingency named had been given to a stranger. But it was stated at the oral hearing that there is a residuary legatee, and .this was not disputed. If this be so it would seem to follow that no embarrassment need arise in the administration of the estate because of this premium on the bonds.
We are of opinion that the courts below erred in overruling the demurrer to the petition and in rendering judgment for plaintiff below. The judgments *104 will be reversed and final judgment rendered'by this court for plaintiff in error.

Reversed.

Shauck, C. J., Price, Crew and Davis, JJ., concur.