# IN RE ASSESSMENT OF TAXES, J. B. CASTLE.

APPEAL FROM TAX APPEAL COURT, FIRST TAXATION DIVISION.

ARGUED OCTOBER 12, 1906.    DECIDED OCTOBER 12, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

INCOME TAX—*profit on stock transaction not derived in any one taxation period.*

One who bought stock in 1898 and sold it in the latter half of 1905 at a profit of $120,000 is not liable to pay an income tax on such profit for the half year taxation period immediately preceding January 1, 1906.

### OPINION OF THE COURT BY WILDER, J.

This is an appeal by J. B. Castle from a decision of the tax appeal court of the first taxation division assessing an income tax against him on a profit of $120,000 which he made in a stock transaction. He bought the stock in 1898 and sold it between July 1 and December 31, 1905. At the argument the court decided the case from the bench reversing the decision of the tax appeal court.

The appellant contended that this profit is not taxable because (1) it was not an income derived during the taxation period in question, namely, from July 1, 1905, to January 1, 1906, and (2) it was not taxable under the statute in any event.

On the first point raised the appeal is sustained and the decision of the tax appeal court reversed. All that the statute attempts to tax is the income derived during a certain period. The period in question in this case was for the six months prior to January 1, 1906. R. L., Sec. 1278, as amended by act 87 of the Laws of 1905, provides for a tax on the amount derived "during the taxation periods as herein defined," and that the

first taxation period "shall be the half year immediately preceding the first day in January, 1906." R. L., Sec. 1280, as amended by the same act, provides that in estimating gains, profits and income they shall be derived "during said taxation period." The income in question was not derived during the six months preceding January 1, 1906, and therefore was not taxable as gains, profits and income derived during that period. See *Gray v. Darlington,* 15 Wall. 63.

The second contention of the appellant was that a profit derived from the purchase and sale of shares of stock is not taxable under the statute, that is, that unless shares of stock are held to be movable property profits derived from the sale of them less the cost of purchase cannot be taxed. It is unnecessary to pass on this question.

For the foregoing reasons the appeal is sustained and the decision of the tax appeal court reversed as heretofore decided.

*D. L. Withington, (Castle & Withington* on the brief), for the taxpayer.

*M. F. Prosser, Deputy Attorney General,* for tax assessor.