GAULEY MOUNTAIN COAL CO. v. HAYS, Collector of Internal Revenue.

(Circuit Court of Appeals, Fourth Circuit. December 2, 1915.)

No. 1376.

1. INTERNAL REVENUE ⬉⬌9—CORPORATE EXCISE TAX—"INCOME" TAXABLE.

Tho Corporation Excise Tax Law of 1909 (Act Aug. 5, 1909, c. 6, 36 Stat. 112 [Comp. St. 1913, §§ 6300–6307]) provides that every corporation shall be subject to pay annually a special excise tax equivalent to 1 per cent. upon its entire net income from all sources during the year, over and above $5,000, and that such net income shall be ascertained by deducting from the gross income all losses sustained within the year. A corporation in 1902 purchased stock in another corporation which it sold in 1911 at an advance of $210,000. *Held*, that the portion of this profit in proportion to the time elapsing between the taking effect of the statute and the sale of the stock was not "income" taxable for the year in which the sale was made.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⬉⬌9.

For other definitions, see Words and Phrases, First and Second Series,. Income.]

2. INTERNAL REVENUE ⬉⬌9—CORPORATE EXCISE TAX—INCOME TAXABLE.

It is the manifest purpose of the Corporation Excise Tax Law of 1909 to tax the net income of corporations for the year in which the assessment is made.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⬉⬌9.]

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Action by the Gauley Mountain Coal Company against S. A. Hays, Collector of Internal Revenue for the District of West Virginia. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

Henry B. Closson, of New York City (Robert T. Hubard, Jr., of Fayetteville, W. Va., on the brief), for plaintiff in error.

W. E. Ross, Asst. U. S. Atty., of Bluefield, W. Va. (William G. Barnhart, U. S. Atty., of Charlestown, W. Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This is an action instituted in the District Court of the United States for the Southern District of West Virginia by the Gauley Mountain Coal Company against S. A. Hays, Collector of Internal Revenue, for the recovery of taxes to the amount of $525.06, alleged to have been unlawfully collected by defendant from plaintiff under the Corporation Excise Tax Law of August,

⬉⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

1909. The case was submitted upon an agreed statement of facts, and the lower court after considering the same directed that a verdict be entered in favor of the defendant and against the plaintiff for the sum of $525.06.

[1] The Gauley Mountain Coal Company is a corporation organized under the laws of the state of West Virginia for the purpose of "mining, marketing, purchasing and using coal, iron ore and other minerals." The business of trading in stocks was not included among its corporate powers, nor does it appear that, save for the one transaction in question, it ever bought or sold any.

On December 9, 1902, the Gauley Mountain Coal Company purchased 8,000 shares of the stock of the Loup Creek Colliery Company, another West Virginia mining corporation, for $800,000. It held this stock (at first in the names of trustees, but later in its own name) for nearly nine years. On October 16, 1911, it sold the stock for $1,010,-000. This was a sum less by $214,933.33 than its cost and interest on its purchase price at 6 per centum from the date of the purchase, but greater by $210,000 than its cost, ignoring interest.

Upon these facts being ascertained by the Commissioner of Internal Revenue, he held that of 'this $210,000, a proportion of it represented by the ratio of 1,019 days which elapsed between January 1, 1909, when the Corporation Excise Tax Law became effective, and October 16, 1911, when the sale was made, to the 3,233 days which elapsed between December 9, 1902, when the purchase was made, and October 16, 1911, when the sale was made, to wit, $66,189.30, constituted "income" of the corporation for the year 1911 within the meaning of that word as employed in the statute.

He thereupon amended the return of annual net income which had been filed for the company for the year 1911 by including in its gross income for that year this item of $66,189.30, and on this amount, reduced to $52,506 by certain lawful reductions not at issue here, levied an additional assessment of one per cent., to wit, $525.06, against the company for the year 1911, which, on July 16, 1913, he collected from the company by duress. To recover this amount, with interest, after the necessary preliminary appeal to the Commissioner of Internal Revenue, this suit was brought.

This suit involves a construction, not of the present income tax law of 1913, but of the corporation excise law of 1909; which, except for the collection of the excise taxes on corporations accruing for the year 1912, was repealed by the act of 1913.

As we have stated, the property in question was purchased on the 9th day of December, 1902, and not disposed of until the 16th day of October, 1911, at which time the plaintiff was able to dispose of it at a profit of $210,000. Therefore the principal question is as to whether the increase in value of the property which accrued during such period was subject to taxation as the entire net income of the plaintiff.

The act of 1909 is in the following language:

"Every corporation * * * shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation * * * equivalent to one per centum upon the entire net income over and above five thousand dollars received by it from all sources during such year.

\* \* \* Such net income shall be ascertained by deducting from the gross amount of the income of such corporation \* \* \* received within the year from all sources \* \* \* all losses actually sustained within the year."

[2] It is manifestly the purpose of this act to tax the net income for the year in which the assessment is made. The Supreme Court in the case of Gray v. Darlington, 82 U. S. (15 Wall.) 63, 21 L. Ed. 45, passed on the precise question involved in this controversy. That case was decided under the amendatory Internal Revenue Act of March 2, 1867, c. 169, 14 Stat. 477. The plaintiff being the owner of certain United States treasury notes exchanged them in 1865 for United States 5-20 bonds. In 1869 these bonds were sold at an advance of $20,000 over the treasury notes which had been given in exchange, and were assessed upon this amount as gains, profits, and income for that year. The court said in disposing of that case, among other things:

"The question presented is whether the advance in the value of the bonds, during this period of four years, over their cost, realized by their sale, was subject to taxation as gains, profits, or income of the plaintiff for the year in which the bonds were sold. The answer which should be given to this question does not, in our judgment, admit of any doubt. The advance in the value of property during a series of years can, in no just sense, be considered the gains, profits, or income of any one particular year of the series, although the entire amount of the advance be at one time turned into money by a sale of the property. \* \* \*

"The rule adopted by the officers of the revenue in the present case would justify them in treating as gains of one year the increase in the value of property extending through any number of years, through even the entire century. The actual advance in value of property over its cost may, in fact, reach its height years before its sale; the value of the property may, in truth, be less at the time of the sale than at any previous period in ten years, yet, if the amount received exceed the actual cost of the property, the excess is to be treated, according to their views, as gains of the owner for the year in which the sale takes place. We are satisfied that no such result was intended by the statute."

The defendant relies upon the cases of Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, and McCoach v. Minehill & S. H. R. Co., 228 U. S. 300, 33 Sup. Ct. 419, 57 L. Ed. 842. We have carefully considered these cases, but find nothing therein which modifies the decision of the Supreme Court in the case of Gray v. Darlington, supra, in so far as this phase of the question is concerned. The Supreme Court in the cases cited by defendant, among other things, held that any gains or profits accruing from investments in real estate or other property incidental to the business in which a corporation may be engaged are subject to taxation, and to this extent the case of Gray v. Darlington, supra, is modified. Therefore, according to the rule therein announced, if the plaintiff in this instance had purchased and sold real estate within the year for which the assessment was made, any profits realized therefrom would be subject to taxation.

For the reasons stated, the judgment of the lower court is reversed, and the case remanded, with instructions to proceed in accordance with the views herein expressed.

Reversed.