### CLEVELAND, C., C. & ST. L. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1917.)

No. 2929.

1. INTERNAL REVENUE ⬤⇒9—CORPORATION EXCISE TAX—"INCOME."

Where a railroad company purchased stock in another company prior to January 1, 1909, for investment, and not for sale, but sold such stock at a profit subsequent to January 1, 1909, such profit was not "income," within Corporation Tax Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112, except to the extent that the selling price exceeded the ascertained market value on January 1, 1909; but to that extent the selling price constituted income, it appearing that the stock had a regular fixed stock market value.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28.

For other definitions, see Words and Phrases, First and Second Series, "Income."]

2. INTERNAL REVENUE ⬤⇒9—CORPORATION EXCISE TAX—"INCOME."

The word "income," in the Corporation Tax Law, imposing an excise tax measured by income, means the same as in prior laws imposing a tax on income.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28.]

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Action by the United States against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. Judgment for the United States on a directed verdict, and defendant brings error. Reversed and remanded, with instructions.

George Hoadly, of Cincinnati, Ohio, for plaintiff in error.

Edward K. Bruce, Asst. U. S. Atty., of Cincinnati, Ohio.

Before KNAPPEN and DENISON, Circuit Judges, and SESSIONS, District Judge.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. In 1900 the railway purchased 30,000 shares of the Chesapeake & Ohio stock for $981,427.92. On January 28, 1909, it sold this stock for $1,795,719. The difference it credited on its books to profit and loss. It did not include any portion of this profit in its return for the year 1909, under the Corporation Tax Act (36 Stat. 112), and the government brought this suit to recover the tax of 1 per cent. The court below directed a verdict for the plaintiff, and the railway company assigns error.

[1] The proper construction of this statute in the respects now substantially involved has been considered by us in Doyle v. Mitchell, 235 Fed. 686, 149 C. C. A. 106, and in Biwabik Min. Co. v. United States, 242 Fed. 9, opinion filed this day. In those cases we have given the reasons for our conclusion that the sum received during 1909 for capital assets sold during that year cannot be considered as income under this act, excepting to the extent by which it exceeds the ascertained market value of those assets on January 1st of that year. The principles discussed and adopted in these cases necessarily lead to the reversal of this judgment, excepting with regard to the increased value which accrued after January 1st.

In the Doyle-Mitchell Case it was argued that the assets there involved were acquired for the purpose of sale, and we said that, with such assets, it was customary to take inventories at stated periods, and that only by so doing could we find any workable system of determining the net income of such a business. The assets now involved were not of that character. They were bought for investment, and not for current merchandising; but it appears by the stipulation of fact that the stock had a regular, fixed stock market value of $57 per share on December 31, 1908. This fact supplies the lack of inventory; and, in every general aspect, the impropriety of treating as income a gain which had occurred before the taxing period began is plainer with respect to property like this, bought for quasi permanent investment, than with reference to raw materials for manufacture. That this stock was capital assets, under any definition of that phrase, is too plain for question.

[2] The railway insists that the rule of Gray v. Darlington, 15 Wall. 63, 21 L. Ed. 45, requires us to exclude from the income for 1909 even the gain that accrued during that year. The precise point decided in Gray v. Darlington was that the accretions in value during the previous years were not income for the year in which the property was sold; but, doubtless, some of the language of the opinion would indicate that such accretions were not income, even for the year in which they happened. We are not inclined to extend the real judgment of that case, so as to cover the gain on the Chesapeake & Ohio stock from January 1 to January 28, 1909. It is true that, as said in the Biwabik opinion, we see no reason for thinking in an abstract way that "income," in the Corporation Tax Law, does not mean the same thing as "income" in prior income taxing laws; but there is no practicable way of ascertaining the income, for a given period, of a business corporation with a great variety of assets, except by comparing market values at the beginning and end of the period, and, as

pointed out in the other cases, this has been the administrative interpretation of this law from the beginning.

The judgment is reversed, and the case remanded, with instructions to enter a new judgment, which shall include, on account of this Chesapeake & Ohio stock profit, the tax upon only the balance above $57 per share.