SCOTT, Internal Revenue Collector, v. SCHWAB.

(Circuit Court of Appeals, Ninth Circuit. January 6, 1919.)

No. 3130.

INTERNAL REVENUE ⬤=9—EXCISE TAX ON CORPORATIONS—NET INCOME—
"GAIN OR PROFIT."

Under Corporation Tax Act Aug. 5, 1909, where property is sold by a corporation at an advance over the original purchase price, the amount of such advance is a gain or profit received during the year, for the purpose of computing its net income.

In Error to the District Court of the United States for the Second Division of the Northern District of California; Frank H. Rudkin and William C. Van Fleet, Judges.

---

Action by Edwin Schwab against Joseph J. Scott, as Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Annette Abbott Adams, U. S. Atty., and Frank M. Silva, Asst. U. S. Atty., both of San Francisco, Cal., for plaintiff in error.

Morrison, Dunne & Brobeck and R. L. McWilliams, all of San Francisco, Cal. (H. W. Clark, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error, as assignee of the National Ice & Cold Storage Company, brought this action to recover $1,897.97, alleged to have been wrongfully collected by the plaintiff in error as corporation excise tax for the year ending December 31, 1913. The corporation was organized in 1911 to carry on the business of the manufacture, purchase, and sale of ice, and the manufacture, purchase, sale, management, and operation of ice works, refrigerating plants, and cold storage houses. In February, 1913, it sold all of its property and assets. The selling price exceeded by $189,797.04 the cost price incurred in 1911. The tax on this gain, which was treated as income received during the year 1913, was paid under protest. A demurrer to the complaint was overruled, and judgment was entered for the defendant in error.

The court below, in overruling the demurrer and entering judgment, relied upon Gray v. Darlington, 15 Wall. 63, 21 L. Ed. 45, a case involving the construction of the Revenue Act of March 2, 1867 (14 Stat. 471, c. 169) and followed Gauley Mountain Coal Co. v. Hays, 230 Fed. 110, 144 C. C. A. 408. The Supreme Court in a recent decision reversed the Gauley Mountain Coal Co. Case (Hays, Collector, v. Gauley Mountain Coal Co., 247 U. S. 189, 38 Sup. Ct. 470, 62 L. Ed. 1061), and therein distinguished the Corporation Excise Tax Act of August 5, 1909 (36 Stat. 11, c. 6), from the Act of March 2, 1867, under which Gray v. Darlington was decided, and held that, where property is sold by a corporation at an advance over the original purchase price, the amount of the advance must be deemed a gain or profit for the purpose of computing income for taxation under the present law. That ruling is decisive of the present case, and it results that the judgment of the court below must be reversed.

It is unnecessary to consider the other ground of demurrer which is presented in this court, but which was not suggested to the court below, that under section 3477, Rev. Stats. (Comp. St. § 6383), the cause of action is not assignable.

The judgment is reversed, and the cause is remanded, with instructions to sustain the demurrer.