

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 13, 1960

Honorable William A. Harrison
Commissioner of Insurance
State Board of Insurance
International Life Building
Austin, Texas

Opinion No. WW-778

Re: Whether dividends may be
paid by a fire and casualty in-
surance company out of the un-
realized appreciation in value
of some of the corporation's

Dear Mr. Harrison:                     assets.

     In your request for an opinion you have asked whether a fire
and casualty insurance company may pay dividends out of a surplus
arising from the unrealized appreciation in the market value of certain
assets of the company over their cost or book value. You have cited an
instance where dividends were so paid.

     Article 21.31 of the Texas Insurance Code provides in part
as follows:

> "It shall not be lawful for any insurance company
> organized under the laws of this State to make any div-
> idend, except from surplus profits arising from its
> business. In estimating such profits, there shall be
> reserved therefrom the lawful reserve on all unexpired
> risks and also the amount of all unpaid losses, whether
> adjusted or unadjusted, and all other debts due and
> payable, or to become due and payable by the company
> . . ."

     Article 8.14, applicable generally to casualty insurance com-
panies, before its recent amendment provided as follows:

> "The directors of any such company shall not
> make any dividends except from the surplus profits
> arising from their business. . ."

     By the provisions of S.B. 180, Acts 1959, 56th Leg. R.S.,
Article 8.14 was amended to read as follows:

> "The directors of any such company shall not make
> any dividends except in compliance with Article 21.31
> of this Code."

     Thus, irrespective of which of the several laws apply, fire
and casualty companies are prohibited from paying dividends except

from "surplus profits arising from its business." The term "surplus profits" implies among other things that payment of dividends may only be made to the extent of a company's surplus and, additionally, that funds from which the payment was made arose from the profits of the company's business. Since you have stated that the payments of dividends were made from surplus, the only question for determination is whether the payments were also from profits of the business of such insurance company. In our opinion under the facts given the payments of dividends were not from "profits arising from its business" and were therefore unlawful.

It must be conceded initially that the Legislature in using the term "profit" intended some meaning distinct from the term "surplus" elsewise they would not have elected to use both terms. Hence, we conclude that a profit is not the same thing as surplus.

The term "profit" has been defined by Webster's New International Dictionary in the following manner:

"The excess of returns over expenditure in a given transaction or series of transactions; as: a. the excess of the price received over the price paid for goods sold (115 Wis. 261) b. the excess of the price received over the cost of purchasing and handling, or of producing and marketing, particular goods (3 Fed. 566, 569) c. the advantage derived (as in infringement of patents) from employing one process or machine in manufacturing instead of another.

"Excess of income over expenditure, as in a business or any of its departments, during a given period of time; specif.: a. the income of invested property, not including an appreciation in market value (15 Wall. 63, 65; 198 Pa. 216) b. usually in pl. with reference to lands the sum of revenue yielded by it, or the proceeds derived from its use or enjoyment, as in case of leased property or land that is mined. Cf. profit prendre. . ."

These definitions all envision a realization of the benefits accruing from the given transaction. Stated differently, these definitions do not encompass a benefit or advantage that is yet to be realized. The everyday business use of the term "profit" is compatible with these dictionary statements. Unrealized appreciation of assets does not enter into a profit and loss statement, nor is it considered for income tax purposes.

The general rule in other jurisdictions is that the unrealized appreciation in value of assets cannot be utilized in determining the funds available for distribution as dividends. 11 Fletcher Encyc. Corp. (1958

Revised) 1050 Sec. 5335.1; Berks Broadcasting Co. v. Craumer, 52 Atl.2d 571, (Penn.Sup. Ct. 1947); Loftis v. Mason, 240 F.2d 428, (C.C.A. - 4th - 1957 cert. den., 353 U.S. 949) and cases collected 55 A.L.R. 8, 76 A.L.R. 885 and 109 A.L.R. 1381. Support in Texas to this general rule is in some measure given by the case of Dealers Granite Corp. v. Faubion, 18 S.W.2d 737 (Aus.Civ.App. 1929) where, in determining the meaning of the term net profits as applied to a corporation, the Court stated:

> "And the general rule seems to be that increase in the value of lands held by a corporation cannot be considered as profits, at least until such lands are sold and the profits actually realized."

The adoption of a rule permitting insurance companies to declare dividends on speculative profits would leave the financial soundness of the capital and required surplus accounts of insurance companies to the vagaries and uncertainties of fluctuating market values. We believe that the courts of this state when the occasion arises will hold that "unrealized" appreciation does not constitute profit. As stated in Loftis v. Mason, supra, on page 433:

> "...in the application of sound accounting principles, dividends may ordinarily be declared only out of actual earnings or profits and not upon a theoretical estimate of an unrealized appreciation in the value of the assets."

A different view is held in New York. (See Randall v. Bailey, 43 N.E.2d 43, (Ct. of Ap. 1942). It has been suggested that the New York position is determinative of the proper interpretation of the Texas provision because of certain similarities in the respective statutes. It is true that the New York general corporation laws over a long period of years, predating any of the Texas enactments, used the term "surplus profits" in limiting the source available for dividends and that several of the New York cases suggest the possibility that this source may include unrealized appreciation in the value of corporate assets. But the only clear holding in New York that unrealized appreciation is an available source of dividends is the case of Randall v. Bailey, supra, which was decided after the abandonment by the New York Legislature of the surplus profits test and under statutory language leaving no room for any other conclusion. Under these circumstances we do not believe that the New York decisions are particularly persuasive.

## SUMMARY

Unrealized appreciation in the assets of a fire
and casualty insurance company do not consti-
tute "net profits arising from its business"
available for distribution as dividends.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Fred B. Werkenthin*

Fred B. Werkenthin
Assistant

FBW:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

Arthur Sandlin
Phocion Park
Tom McFarling
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore