LYNCH, Collector of Internal Revenue, v. HORNBY.

(Circuit Court of Appeals, Eighth Circuit. September 4, 1916.)

No. 4652.

INTERNAL REVENUE ⟨⇒7—INCOME TAX—DIVIDENDS OF STOCKHOLDER—"INCOME."

Dividends received by a stockholder from the conversion into money and distribution in a subsequent year of property owned by the corporation on March 1, 1913, which was the effective date of Income Tax Law Oct. 3, 1913, c. 16, § II, A, et seq., 38 Stat. 166 (Comp. St. 1913, § 6319 et seq.), and which was on that date worth the amount subsequently realized therefor, is not "income" accruing during the year of the distribution, and is not taxable under the act. In such case the original cost of the property to the corporation is immaterial.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 8–10; Dec. Dig. ⟨⇒7.

For other definitions, see Words and Phrases, First and Second Series, Income.]

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action by H. C. Hornby against E. J. Lynch, Collector of Internal Revenue for the District of Minnesota. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 236 Fed. 653, —— C. C. A. ——.

Alfred Jaques, U. S. Atty., of Duluth, Minn., for plaintiff in error.

A. W. Clapp, of St. Paul, Minn. (N. H. Clapp, of St. Paul, Minn. H. Oldenburg, of Carlton, Minn., and Harold J. Richardson, of St. Paul, Minn., on the brief), for defendant in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

SANBORN, Circuit Judge. The writ of error in this case challenges a judgment which Hornby, the plaintiff below, recovered against Lynch, the collector, for the return to him of $171, which the collector had assessed against him as an additional income tax under the Tariff Act of October 3, 1913, c. 16, § II, A, 38 Stat. 166, 3 U. S. Comp. Stat. 1913, §§ 6319, 6320, 6321, and which he had paid under protest. The facts were alleged in the complaint of Hornby, and they were admitted by demurrer. They are set forth in detail and are numerous, but the result of them is that Hornby was the owner of 434 shares of the capital stock of the Cloquet Lumber Company from 1906 until 1915. That company was a corporation of Iowa, which for more than a quarter of a century has been engaged in purchasing timber lands, manufacturing the timber into lumber, and selling it. It had a capital stock of $1,000,000, divided into 10,000 shares, of the par value of $100 each. On March 1, 1913, by the increase of the value of its timber lands and

by its business operations, it had become possessed of property which was worth four times the par value of its stock, or $4,000,000, its timber had become worth $10 per thousand feet, and the stock of Mr. Hornby, the par value of which was $43,400, had become worth at least $150,000. In the year 1914 the Cloquet Company was engaged in converting its standing timber into money and distributing it among its stockholders, by cutting the timber, manufacturing it into lumber, and selling the lumber. In that year it distributed to its stockholders in dividends $650,000. Of these distributions $240,000, or 24 per cent. of the par value of its capital stock, was derived from the net earnings and profits of the company during the current period, and $410,000 was derived from moneys realized during the year 1914 by the Cloquet Company from the conversion into money by it of property which it owned, or in which it had an interest, on March 1, 1913. Hornby received during the year 1914 $10,416 from the distribution of these net earnings and profits of the company, and $17,794 out of the distribution of these moneys realized from the conversion into money of the property which the Cloquet Company owned or had an interest in on March 1, 1913. The property out of which the $410,000 was realized was of the value of $410,000 on March 1, 1913, and the conversion of it into money and the distribution thereof diminished the value of the company's property as it was on March 1, 1913, by that amount, and diminished the value of Mr. Hornby's stock as it was on March 1, 1913, and increased his cash $17,794. In his income tax return for the year 1914 Mr. Hornby included the $10,416 he received out of the income and profits of the Cloquet Company during that year, and he paid an income tax without protest upon a computation which included this amount; but he did not include the $17,794 which he received out of the moneys realized in 1914 by the Cloquet Company from the conversion into money of property which it owned or had an interest in on March 1, 1913. The Commissioner of Internal Revenue deemed this $17,794 taxable income to Mr. Hornby, and on account of it levied an additional tax of $171, which Mr. Hornby paid under protest and brought this action to recover.

Counsel for the United States complains that the complaint does not state facts sufficient to constitute a cause of action, because it does not state the original cost of the timber or other property which the Cloquet Company acquired before and owned on March 1, 1913. But that omission is immaterial, because it does state the value of the property which that company owned and was interested in on March 1, 1913, which was converted into money and distributed to its stockholders in 1914, and that this conversion and distribution diminished the value of its property as it was on March 1, 1913, and as it was just before the conversion and distribution, by $410,000, and diminished the value of Mr. Hornby's stock as it was on March 1, 1913, and as it was just before the sale and distribution, by $17,794. As none of the property which the Cloquet Company or Hornby held on March 1, 1913, whether it was original capital or previously earned surplus, income, gains, or profits, was intended to be made or was made taxable as income by the Income Tax Law of 1913, the complaint stated facts sufficient to show that this $17,794 was not so taxable.

This case was tried in the court below, and was argued and submitted to this court, with the case of Lynch v. Turrish, 236 Fed. 653, —— C. C. A. ——, the opinion in which is filed herewith. With the exception of the contention which has just been considered, it presents the same questions considered and determined in that case. For the reasons stated in the opinion in Lynch v. Turrish, supra, and because no income, gains, or profits accrued to Mr. Hornby during the year 1914, or at any time after March 1, 1913, by reason of the conversion into moneys and distribution in the year 1914 of that portion of the property which the Cloquet Company owned or owned an interest in on March 1, 1913, from which it realized the $410,000 in 1914, but the effect of that conversion and distribution was simply to change the form in 1914 of a part of the property which Mr. Hornby owned on March 1, 1913, while its value remained the same, the $17,794 which he received in dividends from that conversion and distribution was not subject to any income tax under the Income Tax Law of 1913, and the judgment below is affirmed.