SKINNER, Collector of Internal Revenue, v. UNION PAC. COAL CO.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1918.)

No. 4957.

INTERNAL REVENUE ⊜⊐7—INCOME TAX ON CORPORATIONS—"ACCRUING" OF INCOME.

An annual dividend received by a corporation on the stock of another corporation is subject to the tax imposed by Income Tax Act Oct. 3, 1913, c. 16, § 2, G(a), 38 Stat. 172, for the calendar year in which it was declared and paid, as income "accruing" during such year, although half of the profits out of which the dividend was paid accrued prior to the passage of said Income Tax Act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accrue.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the Union Pacific Coal Company against Mark A. Skinner, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Reversed, with directions to dismiss complaint.

John A. Gordon, Asst. U. S. Atty., of Denver, Colo. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for plaintiff in error.

John Q. Dier, of Denver, Colo. (N. H. Loomis, of Omaha, Neb., C. C. Dorsey, of Denver, Colo., and Henry W. Clark, of New York City, on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

AMIDON, District Judge. The Union Pacific Coal Company brought this suit against the defendant, Skinner, as collector, to recover a tax collected upon its income for the year 1913, and paid by it under protest.

The Union Pacific Coal Company is the owner of all the capital stock of the Superior Coal Company. The latter, on June 18, 1913, declared, and on June 19 paid to plaintiff, a dividend arising out of the profits of its business for the fiscal year extending from June 30, 1912, to June 30, 1913, of 50 per cent., amounting to $500,000. In March, 1914, plaintiff made its return under the Income Tax Law for the calendar year 1913, but instead of including in its income the entire dividend, included only one half, or $250,000, stating that the other half was not income of the calendar year 1913, for the reason that it was earned by the Superior Coal Company during the latter half of the calendar year 1912. The Commissioner of Internal Revenue amended plaintiff's return, so as to include the $250,000, and levied a tax of 1 per cent. thereon. Plaintiff paid the tax under protest, and brought this action to recover it back. Defendant demurred to the complaint setting up the above facts. The court overruled the demurrer, and, the defendant declining to answer, judg-

ment was entered against him in the sum of $3,052.30, to reverse which he brings error.

The case must be determined by deciding whether the dividend constituted income of the Union Pacific Coal Company "arising or accruing" within the calendar year ending December 31, 1913. The argument of plaintiff really comes to this: That the dividend did not accrue to it in 1913, because the profits of the Superior Coal Company, out of which it was paid, did not all accrue to that company from its business during the calendar year 1913, but half of it accrued in 1912. This statement of the question indicates its decision. The Income Tax Law does not deal with the period during which a corporation which pays a dividend accumulates the profits out of which the dividend is paid. It is concerned with the income of the corporation receiving the dividend. Viewed in that light, the dividend accrued to the Union Pacific Coal Company in the year 1913, and all of it was taxable. We think annual dividends, paid out of the profits of the business of a corporation declaring the same, do not accrue to a stockholder until they are declared and paid by the paying corporation. Until that is done they represent mere profits of the corporation earning the same, and that corporation may, in the exercise of a proper discretion, apply the same as it sees fit. The stockholder does not acquire any interest in the fund until the dividend is paid.

Subdivision (a) of subsection G of section 2 of the act (38 Stat. 172) provides that the tax shall be levied "upon the entire net income arising or accruing from all sources during the preceding calendar year." Counsel urges that the words "arising or accruing" do not mean the same as "received." The statute itself shows the contrary, for subdivision (b) of subsection G provides that the "net income shall be ascertained by deducting from the gross amount of the income of such corporation * * * received within the year from all sources" certain specified allowances. This comparison shows that the net income "arising or accruing" to the corporation is to be ascertained by deducting from the gross income "received" by the corporation the specified allowances. It follows necessarily that in the judgment of the framers of the act the words "arising or accruing" are equivalent to the word "received." The only question left, therefore, is whether an annual cash dividend paid out of the annual profits of a corporation is income of the stockholder for the year in which he receives it or is to be treated as his income as the profits out of which it is paid are accumulated from month to month by the corporation which pays the dividend. We have not been cited to any decision holding that a dividend is income of the stockholder as fast as the profits out of which it is paid are accumulated by the corporation. On the other hand, the courts have uniformly held that the stockholder acquires no interest whatever in such a dividend until it is paid.

Plaintiff relies upon Lynch v. Turrish, 236 Fed. 653, 149 C. C. A. 649. That case is clearly distinguishable. The corporation there involved was not engaged in active business. It purchased in 1903 timber land which steadily increased in value. None of the increase, however, occurred after March 1, 1913. The company sold its land in 1913, and distributed money realized from the sale ratably among

its stockholders. Lynch, the collector, levied a tax upon Turrish, one of the stockholders, for that part of the dividend paid by the corporation which represented the increment in the value of its property. The question before the court was whether this sum was such a "dividend" as came within the term "income" under the income law. This court ruled that it was not; that the division which was made among the stockholders was a division, not of profits but of the capital of the corporation.

A case more nearly in point for plaintiff is Towne v. Eisner, 245 U. S. 418, 38 Sup. Ct. 158, 62 L. Ed. ——, decided by the Supreme Court of the United States January 7, 1918. There a corporation transferred $1,500,000 from a surplus fund which had been set aside as surplus, before January 1, 1913, to capital account, and then in exchange for this fund issued stock for a like amount, and distributed the same as stock dividends to stockholders of record December 26 of that year. The collector levied a tax upon the plaintiff, who received a stock dividend of this character, the same as if it had been an ordinary annual cash dividend. The Supreme Court ruled that under the facts of that case the fund which was distributed was capital, and not income. The court says:

"We cannot doubt that the dividend was capital as well for the purposes of the Income Tax Law as for distribution between tenant for life and remainderman. * * * What has happened is that the plaintiff's old certificates have been split up in effect and have diminished in value to the extent of the value of the new."

The entire reasoning of the opinion rests upon that ground.

As pointed out by Judge Sanborn in the Turrish Case, 236 Fed. 660, 149 C. C. A. 649, and by the Sixth Circuit in Doyle v. Mitchell Bros. Co., 235 Fed. 686, 687, 688, 149 C. C. A. 106, L. R. A. 1917E, 568, the distinction running through all the cases is this: Is the fund paid to the stockholder a division of profits earned by the corporation, or a division of its capital? If the former, it is income; if the latter, it is not income, but a partition of property or capital. By conceding, as plaintiff does, that half of its dividend was income, plaintiff puts itself out of court, for the concession is an admission that the entire dividend was income, and not capital.

The judgment is reversed, with directions to dismiss the complaint.